# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOAO CONTROL & MONITORING SYSTEMS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>COMVERGE, INC,<br><br>　　　　　　　Defendant. | Civil Action No. 1:14-cv-3862-TCB<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff" or "JCMS"), by and through its undersigned counsel, files this Complaint against Defendant Comverge, Inc. ("Defendant" or "Comverge") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,397,363 entitled *"Control and/or Monitoring Apparatus and Method"* (the "'363 Patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the owner of the '363 Patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. JCMS is a limited liability company organized and existing under the laws of the state of Delaware. Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers (Westchester County), New York, 10703. Plaintiff is the owner of the '363 Patent, and possesses all rights thereto, including the right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the '363 Patent, the right to license the '363 Patent, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, Comverge is a corporation duly organized and existing under the laws of the State of Delaware since October 6, 1997 and has its principal place of business located at 5390 Triangle Parkway, Suite 300, Norcross, Georgia, 30092. Upon information and belief, Comverge

may be served through its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Georgia and in the Northern District of Georgia; Defendant has purposefully availed itself of the privileges of conducting business in the State of Georgia and in the Northern District of Georgia; Defendant has sought protection and benefit from the laws of the State of Georgia; Defendant regularly conducts business within the State of Georgia and within the Northern District of Georgia, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Georgia and in the Northern District of Georgia.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United

States, the State of Georgia, and the Northern District of Georgia. Upon information and belief, Defendant has committed patent infringement in the State of Georgia and in the Northern District of Georgia. Defendant solicits customers in the State of Georgia and in the Northern District of Georgia. Defendant has many paying customers who are residents of the State of Georgia and the Northern District of Georgia and who use Defendant's products and services in the State of Georgia and in the Northern District of Georgia.

7. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8. The '363 Patent was duly and legally issued by the United States Patent and Trademark Office to Mr. Raymond A. Joao after full and fair examination for systems and methods for controlling vehicles and/or premises. Mr. Joao assigned all rights, title and interest in and to the '363 Patent to JCMS, giving JCMS the right to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the '363 Patent, and the right to license the '363 Patent, collect damages and initiate lawsuits against the Defendant.

9. Upon information and belief, Defendant has had actual knowledge of the specification and issued claims of the '363 Patent since, at the very latest, the date of service of this Complaint.

10. On information and belief, Defendant owns, operates, advertises, implements, or controls its website, www.comverge.com (either directly or through a third-party), as well as hardware, functionality modules and/or programming modules to support its products and services. In addition to providing information about Defendant's products and services, including how to obtain them, this website provides support to Defendant's customers by providing access to product data sheets, instructional videos (Webinars), case studies, white papers and eBooks to assist customers in implementing Defendant's products and services.

11. On information and belief, Defendant offers its customers products and services that infringe the '363 Patent, including but not limited to: Comverge's control and monitoring devices and systems, consisting of various hardware and software components advertised and sold under the product names "IntelliSOURCE," "IntelliTEMP," "IntelliPEAK," "SmartConsumer" and others, which can be operated and controlled through remote access via interactive cellular and/or broadband connections via a web portal (hereinafter, the "Accused Products and Services").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,397,363

12. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1 - 11 above.

13. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the '363 Patent either literally or under the doctrine of equivalents. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '363 Patent by making, using, providing, and/or importing, directly or through intermediaries, in this district and elsewhere in the United States, an apparatus that consists of a smart thermostats and digital control units ("DCUs"), located at a premises and the IntelliSOURCE PowerStory web portal ("web portal"), located remote from the premises, that can be accessed by a user via a computer or mobile device from a location remote from both the premises and the web portal. A computer or mobile device logged into the web portal sends a signal over the Internet to the web portal, located remotely from the premises. If that signal is deemed authorized via proper credentials, a different signal is then sent to a smart thermostat and/or DCU, which activates an associated premise device (e.g., an HVAC system, water heater, etc.). Infringing conduct regarding this apparatus and its attendant functions and methods take place in this district and elsewhere in the United States, enabled by and accessed through

Defendant's website, the IntelliSOURCE PowerStory web portal, and computers and/or mobile devices that access the web portal.

14. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner. Despite knowledge of the '363 Patent as early as the day this Complaint was served on Defendant, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '363 Patent. Based upon information and belief, Defendant's source of revenue and business focus is on the provision of and sale of the Accused Products and Services. Upon information and belief, Defendant has specifically intended its customers to use its systems and methods in such a way that infringes the '363 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers on how to use them in an infringing manner, at least through information available on Defendant's website, including product data sheets, instructional videos (Webinars), case studies, white papers and eBooks. Defendant knew that its actions, including, but

not limited to any of the aforementioned systems, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products and Services.

15.     Upon information and belief, Defendant has contributed to and continues to contribute to the infringement of one or claims of the '363 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused Defendant's customers to use the Accused Products and Services in an infringing manner.  Defendant has had knowledge of the '363 Patent as early as the day this Complaint was served on Defendant.  Upon information and belief, Defendant knew and/or knows that the Accused Products and Services are especially made and/or adapted for user(s) to infringe one or more claims of the '363 Patent and, therefore, are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Defendant's sole purpose of business and business revenues stem from sales of the Accused Products and Services which are solely geared towards remote monitoring and control apparatuses and remote monitoring and control methods.  Upon information and belief, Defendant has specifically intended and/or specifically intends that its customers use the Accused Products and Services in such a way that infringes the '363 Patent by, at

minimum, providing access to, support for, and training and instructions for said Accused Products and Services, through information available on Defendant's website, including product data sheets, instructional videos (Webinars), case studies, white papers and eBooks.

16.  Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

17.  Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

18.  Defendant's infringement of Plaintiff's rights under the '363 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

19.  Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '363 Patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or its customers;

B. An adjudication that Defendant has induced infringement of one or more claims of the '363 Patent;

C. An adjudication that Defendant has contributed to the infringement of one or more claims of the '363 Patent;

D. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

E. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement with respect to the claims of the '363 Patent;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G. Any further relief that this Court deems just and proper.

Respectfully submitted December 4, 2014.

*/s/ Dara T. Jeffries*
Dara T. Jeffries, *GA Bar No. 916167*
Joseph J. Gleason, *GA Bar No. 297202*
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, GA 30339
Telephone: (404) 996-0867, 0862
Facsimile: (205) 547-5515, 5518
Email: djeffries@hgdlawfirm.com
Email: jgleason@hgdlawfirm.com

Steven W. Ritcheson, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

Rene A. Vazquez, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
NEW ADDRESS
Telephone:
Facsimile: (205) 327-9114
Email: rvazquez@hgdlawfirm.com

Maureen V. Abbey, *Pro Hac Vice Anticipated*
**HENINGER GARRISON DAVIS, LLC**
220 St. Paul Street
Westfield, New Jersey  07090
Telephone: (908) 379-8475
Facsimile: (205) 326-3332
Email: maureen@hgdlawfirm.com

**Attorneys for Plaintiff Joao Control & Monitoring Systems, LLC**